STATE OF NEW JERSEY, EX REL. ISAAC RASKIND, RELATOR, v. THOMAS J. DOWLING, INSPECTOR OF THE BUILDING AND PLUMBING DEPARTMENT OF THE CITY OF ORANGE, AND THE CITY OF ORANGE, RESPONDENTS.

Submitted January 29, 1927—Decided July 9, 1927.

**Zoning—Apartment-House in Residence District—No Appeal to Board of Adjustment—Writ Denied.**

On application for writ of *mandamus.*

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the relator, *Levy, Fenster & McCloskey* (*John J. McCloskey,* of counsel).

For the respondents, *William A. Calhoun.*

PER CURIAM.

The relator applied to the building inspector of the city of Orange for a permit to erect a four-story brick apart-

ment-house on premises owned by him in that city. The building inspector denied the permit for the sole reason that the land in question was in residence "A" district, which was zoned against apartment-houses.

The relator thereupon obtained an alternative writ of *mandamus* to which a return was made, which was demurred to. There is also presented a stipulation as to the facts.

It thereby appears that the city of Orange has a board of adjustment, whose powers have been amplified by the act of 1926, chapter 315, and that no appeal was taken by the relator to that board. In that situation the relator is not entitled to a writ of *mandamus* against the building inspector. So the Supreme Court has determined in several cases. See *Burg* v. *Ackerman*, 5 *N. J. Mis. R.* 96; *Paramount Realty Co.* v. *Schmitt*, 5 *Id.* 177; *State* v. *Dowling*, 5 *Id.* 180.

The application for the writ of *mandamus* must be denied, with costs.